TAMMY M. RIGGS, ESQ.
Nevada State Bar No. 7498
905 Plumas Street
Reno, NV  89509
(775) 323-5002
*Attorney for Defendant*
ANN MARIE RAMIS

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) **CASE NO.** 3:11-CR-00127-RCJ-WGC |
| ANN MARIE RAMIS, | ) |
| | ) **MOTION FOR ORDER TO TERMINATE** |
| | ) **SUPERVISED RELEASE** |
| Defendant. | ) |

**COMES NOW,** ANN RAMIS, by and through her attorney TAMMY M. RIGGS, and hereby MOVES for an ORDER FOR EARLY TERMINATION OF SUPERVISED RELEASE.  This MOTION is based on 18 U.S.C. s. 3583(e)(1) and the attached MEMORANDUM OF POINTS AND AUTHORITIES.

**RESPECTFULLY** submitted this 6th day of May, 2016.

TAMMY M. RIGGS, ESQ.
905 Plumas Street
Reno, NV 89509
(775) 323-5002
Attorney for Defendant
ANN MARIE RAMIS

## MEMORANDUM OF POINT AND AUTHORITIES

PROCEDURAL POSTURE

On November 19, 2012, Ms. RAMIS pled guilty to a violation of 18 U.S.C. s. 3, Accessory after the Fact (as to Conspiracy to Possess with Intent to Distribute 100 Kilograms or More of Marijuana.   Her criminal conduct occurred on October 24, 2011, when a traffic stop was executed upon her on Interstate 80 in Reno, Nevada, whereupon the horse trailer she was towing was found to contain a false compartment loaded with approximately 250 lbs. of marijuana.   At the scene, Ms. RAMIS fabricated a false story in order to cover for her ex-husband, the distributor of the marijuana. Her fabrication was the basis for the Accessory after the Fact charge.

At sentencing, Ms. RAMIS argued that, although she covered for her ex-husband at the scene of the traffic stop, she did not know that the trailer was loaded with marijuana at the time of the stop, having been tricked by her ex-husband into transporting the horse trailer from New York to California, where she discovered the marijuana trafficking scheme on October 23, 2011, and contemporaneously refused to participate in the scheme.   Despite her refusal, and unknowingly to Ms. RAMIS, her ex-husband loaded the trailer with the marijuana just prior to her leaving California on October 24, 2011.   The Court followed the negotiated agreement, and, in partial response to Ms. RAMIS's argument, varied downward to a sentence of 12 months imprisonment, with 2 years of supervised release to follow, among other conditions.

Ms. RAMIS completed her prison sentence on October 16, 2014.   According to United States Probation (Division of Nevada) Officer Kelli C. Morgan, Ms. RAMIS has remained compliant with the terms of her supervision in New York since being released from custody, to the extent that Ms. RAMIS was moved to a low-intensity caseload in January 2015.   All fines and fees imposed upon her have been paid in full.   Her term of supervision is scheduled to expire on October 15, 2016. According to Ms. Morgan, Ms. RAMIS's supervising office does not oppose this motion for early termination of supervision, and the Nevada division of United States Probation supports this position.

APPLICABLE LAW

18 U.S.C. s. 3583(e)(1) provides:

(e) Modification of conditions or revocation--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

The factors referred to in 18 U.S.C. s. 3583(e) are:
1. s. 3553(a)(1):  the nature and circumstances of the offense and the history and characteristics of the defendant;
2. s. 3553(a)(2)(B):  to afford adequate deterrence to criminal conduct;
3. s. 3553(a)(2)(C):  to protect the public from further crimes of the defendant;
4. s. 3553(a)(2)(D):  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
5. s. 3553(a)(4):  the kinds of sentence and the sentencing range established for the defendant's crime under the United States Sentencing Guidelines;
6. s. 3553(a)(5):  Pertinent policy statements by the United States Sentencing Commission;
7. s. 3553(a)(6):  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
8. s. 3553(a)(7):  the need to provide restitution to any victims of the offense.

As referenced in 18 U.S.C. s. 3583(e)(1), Fed. R. Crim. P. 32.1(c) provides:

(c) Modification.
> (1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
> (2) Exceptions. A hearing is not required if:
>> (A) the person waives the hearing; or
>> (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
>> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so

ARGUMENT

Ms. RAMIS respectfully requests this Court to terminate her supervised release period early. Pursuant to the 18 U.S.C. s. 3583(e) factors:

1. <u>Nature of Offense/History of Defendant</u>:  Although the crime committed by Ms. RAMIS was serious, the circumstances under which she committed the crime were unusual, warranting a downward variance by the Court.  As is specified in her PSR at page 6, Ms. RAMIS had no criminal history prior to the subject criminal conduct.  She has been a model supervisee under supervised release, to the extent that her supervising authority does not object to early termination of her supervision.

2. <u>Adequate Deterrence to Criminal Conduct</u>:  Ms. RAMIS has been adequately specifically deterred from future criminal activity.  The fact that she served a year in prison for her conduct should generally deter members of the public who may choose either to mislead law enforcement investigations, or to be naïve or "willfully ignorant" of their own participation in a criminal enterprise.

3. <u>Public Safety</u>:  Ms. RAMIS presents no further risk to the public of criminal conduct.  In addition to being reformed by her experience in the federal criminal justice system, she is currently in ill health, having had hip surgery in the past year, from which she is still convalescing.  She is both unwilling and physically unable to commit further crimes.

4. <u>Training/Medical Care</u>:  Ms. RAMIS, as exhibited by her supervising offices' agreement with early termination of her supervision, needs no further retraining or rehabilitation to remain crime-free.

5. <u>Guidelines Sentence</u>:  Ms. RAMIS has already served the prison sentence deemed necessary by the Court to reflect the seriousness of her criminal conduct.

6. <u>U.S.S.C. Policy Statements</u>:  The undersigned is not aware of any United States Sentencing Commission policy statements applicable to this case.

7. <u>Sentencing Disparities</u>:  Because the requested accommodation does not affect Ms. RAMIS's prison sentence, this consideration is moot.

8. <u>Restitution</u>:   Restitution is not a factor in this case, as restitution was not ordered at sentencing.

Based on the foregoing, should the United States Attorney's Office not object to this request, Ms. RAMIS respectfully requests that this Honorable Court terminate her sentencing condition of supervised release early.  Should the United States Attorney's Office object, Ms. RAMIS respectfully requests a hearing on the matter pursuant to Fed. R. Crim. P. 32.1(c)(1).

**RESPECTFULLY** submitted this 6th day of May, 2016.

**TAMMY M. RIGGS, ESQ.**
905 Plumas Street
Reno, NV 89509
(775) 323-5002
Attorney for Defendant
ANN MARIE RAMIS

IT IS SO ORDERED.

ROBERT C. JONES
DATED: This 7th day of June, 2016.

5

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of LAW OFFICE OF TAMMY M. RIGGS, P.L.L.C., and that on this 6th day of May, 2016, I served a true and correct copy of the foregoing Motion for Order to terminate Supervised Release by electronic mail upon the following individual:

James Keller, AUSA
United States Attorney's Office
100 West Liberty Street, Suite 600
Reno, NV 89520

Caity Skill
Employee of Law Office of Tammy M. Riggs, P.L.L.C.

6